## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Walter Delaney Booker, Jr., | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15cv781 (JCC/JFA) |
| | ) | |
| Harold W. Clarke, | ) | |
|     Respondent. | ) | |

### MEMORANDUM OPINION

Walter Delaney Booker, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of possession with intent to distribute heroin entered on a plea of guilty in the Circuit Court of the City of Portsmouth.  Petitioner also challenges the revocation of a previously-suspended sentence for possession of cocaine with the intent to distribute and the imposition of an eight-year prison term.  On December 29, 2015,  respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief.  Booker was provided the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and after receiving an extension of time to do so he several replies, captioned as a Motion to Refer to Previous Submitted Exhibits and Briefs, an Objection to Answer to Complaint [and] Motion to Dismiss, a Declaration, and a Declaration of Authenticity of Exhibits with several exhibits attached.  Accordingly, the matter is now ripe for disposition.  For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice. Petitioner's Renewed Motion for Evidentiary Hearing will be denied.

### I. Background

The facts underlying the instant petition were succinctly described on petitioner's belated

direct appeal[1] as follow:

> Appellant was charged with possession of heroin with the intent to distribute, third offense, possession of a firearm while in possession of heroin with the intent to distribute, and possession of a firearm as a convicted felon. The maximum sentencing exposure for these charges is life plus 10 years. See Code § 18.2-248(C), Code § 18.2-308.4(C), Code §18.2-308.2(A). In addition, the charge for possession of a firearm while possessing heroin with the intent to distribute carries a mandatory minimum of five years in prison. See Code § 18.2-308.4(C). The charge for possession of a firearm by a convicted felon carries a mandatory minimum of two years in prison for persons like appellant who were convicted of a felony within the past 10 years. Code § 18.2-308.2(A). Finally, the charge of distributing illegal drugs, third offense, carries a mandatory minimum of 10 years in prison. Code § 18.2-248(C).

> Appellant pled guilty pursuant to a written plea agreement. In exchange for his guilty plea, the prosecution agreed to *nolle prosequi* the two firearm charges and to reduce the drug distribution charge from a third offense to a first offense. This agreement meant that appellant faced a possible maximum of 40 years in prison rather than life plus 10 years and that he no longer faced a mandatory minimum sentence. See Code § 18.2-248(A). Appellant signed the plea acceptance form.

> Following the customary detailed colloquy with appellant, the court accepted the plea. The prosecution proffered that during a homicide investigation, police searched a residence leased by Natasha Reid. In Ms. Reid's bedroom, police uncovered nine capsules of heroin in a plastic baggie, 100 empty capsules, two strainers, a razor blade, 1 45-caliber handgun, and $5,000 in currency. Reid and appellant both admitted that he was staying with Reid at this residence. Personal paperwork belonging to Booker was recovered in the same drawer where the heroin was found. Appellant's DNA was on the gun. The prosecution would have offered evidence that the items recovered in

---

[1]Petitioner's final sentencing and revocation orders were entered by the trial court on May 8, 2009. His ensuing appeal to the Court of Appeals of Virginia was denied for failure to timely file necessary transcripts. Petitioner filed an application for habeas corpus relief in the Supreme Court of Virginia, alleging ineffective assistance of counsel for failure to properly perfect the appeal, and the Supreme Court awarded him a belated appeal. See Booker v. Clarke, R. No. 140269 (Va. Feb. 9, 2015), slip. op. at 1-2.

connection with the drugs were inconsistent with personal use.

On the morning of sentencing, approximately five months after his guilty plea, appellant verbally informed the court that he wished to withdraw his guilty plea.   Appellant offered the following explanation:

> Well, Your Honor, at the time I was under a lot of duress and advisement that it would be in my best interest to plead guilty to first offense, Your Honor, and at the same time I feel that it was circumstantial evidence that was against me being I was not at the scene of the crime.  It was other individuals and no items were found on my person, nor around me. I don't think I should plead guilty to something that I really didn't do.  I don't feel that; so under those circumstances, Your Honor, I want to withdraw my plea.

To this explanation, defense counsel added that he had advised appellant 'very strongly' to accept the plea, stating that he 'thought it was a reasonable plea.'  Counsel stated that he advised appellant that there was a real possibility that appellant would be found guilty based on the evidence.  Counsel also stated that he reviewed the prosecution's plea offer with appellant, that it was appellant's choice, and that counsel 'told him whatever his choice is it's a choice I would support.'

The court denied appellant's motion to withdraw his guilty plea. The court then sentenced appellant to fifteen years with twelve years suspended. The court also revoked eight years of a previously suspended sentence for possession of cocaine with the intent to distribute. One of the conditions of appellant's previously suspended sentence was that he obey all federal and state laws.

Booker v. Commonwealth, R. No. 1730-11-1 and 1916-11-1 (Va. Ct. App. Dec. 18, 2012), slip

op. at 1-3;  published at 61 Va. App. 323, 734 S.E.2d 729 (2012).[2]  On May 7, 2013, the

---

[2] Because a federal court on habeas review of a state conviction  must defer to findings of fact made by state trial and appellate courts, 28 U.S.C. § 2254(d), it is appropriate to look to the state court's recitation of the salient facts.

Supreme Court of Virginia refused without opinion Booker's second-tier petitions for appeal in both his criminal case (Record No. 130122) and his revocation case (Record No. 130121).

In February, 2014, Booker filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, raising the same claims he makes in this federal petition. The Court dismissed the petition in a detailed written Order which will be discussed in greater detail *infra*. Booker v. Clarke, R. No. 140269 (Va. Feb. 9, 2015).  On April 23, 2015, the Virginia court refused Booker's petition for rehearing, and on October 5, 2015, the United States Supreme Court denied certiorari review.  Booker v. Clarke, 136 S. Ct. 222 (2015).

Booker then turned to the federal forum and filed the instant petition for relief pursuant to §2254 on June 3, 2015.[3]  In it, he makes the following claims:

> (a) Trial counsel rendered ineffective assistance in connection with petitioner's entry of the guilty plea in that he:
>
>> (1) did not properly investigate the case or conduct discovery in order to prepare an available defense before advising petitioner to plead guilty to an offense he 'really didn't do;'
>>
>> (2) did not discuss possible defenses with petitioner and advised him to answer falsely during the plea colloquy;
>>
>> (3) never discussed the evidence that would be used against petitioner at trial, other than to mention that the Commonwealth intended to produce DNA evidence that was not inculpatory;
>>
>> (4) did not provide adequate advice about whether petitioner should accept the plea agreement;

---

[3]For federal purposes, a pleading submitted by an incarcerated litigant acting pro se is deemed filed when it is delivered to prison officials for mailing.  Houston v. Lack, 487 U.S. 266 (1988). See Dkt. No. 1, "Affidavit of Mailing."

(5) did not move to suppress buccal swabs taken from petitioner;

(6) had an interest that conflicted with petitioner's in that he failed to honor petitioner's stated wish not to plead guilty and instead told petitioner that a conviction and life sentence would adversely affect his own reputation;

(7) did not advise petitioner of two major consequences that would result from a guilty plea;

(8) did not move to suppress statements based on an illegal seizure;

(9) did not investigate or present an alibi defense;

(10) failed to appreciate that certain evidence seized in relation to a homicide investigation was not relevant to the narcotics charge; and

(11) provided ineffective assistance as the result of the combined effect of the foregoing errors.

(b) Trial counsel provided ineffective assistance at sentencing in that he:

(1) did not move to withdraw the guilty plea when petitioner instructed him to do so;

(2) did not assist petitioner in moving to withdraw his guilty plea under Va. Code § 19.2-296;

(3) did not prepare for the revocation hearing;

(4) adversely affected the sentencing and revocation proceedings and petitioner's attempt to withdraw the guilty plea;

(5) wrongly merged the sentencing and revocation cases into a single hearing;

(6) failed to argue that petitioner should not be

punished for asserting his statutory rights; and

(7) provided ineffective assistance as the result of the combined effect of the foregoing errors.

(c) Petitioner did not validly plead guilty because:

(1) trial counsel did not explain the relevant law or its application to petitioner's case;

(2) counsel instructed him to testify falsely during the plea colloquy;

(3) the court failed to advise him of two major consequences of entering the plea;

(4) counsel failed to advise him of the effect a guilty plea would have on his probation status;

(5) the Commonwealth deceived him in obtaining the plea agreement by not informing him that it would argue that the court could consider his prior drug convictions even though the charge had been reduced to first offense drug possession;

(6) the Commonwealth failed to disclose that it would seek revocation of the suspended sentence as the result of the plea;

(7) he was under duress and the undue influence of counsel when he accepted the plea agreement;

(8) the court did not inquire about his duress and thus did not make an informed decision when it did not allow him to withdraw the plea; and

(9) the combined effect of the foregoing errors rendered the plea unintelligent and involuntary.

(d) Appellate counsel provided ineffective assistance in that he:

(1) did not correctly assign error to be noticed by the appellate court;

(2) did not present a sound argument to support petitioner's reasonable defense;

(3) did not present a sound argument on duress or argue that the record showed that petitioner made his motion to withdraw the plea in good faith;

(4) did not file a reply to new contentions raised in the Commonwealth's answer brief;

(5) did not challenge the soundness of the Court of Appeals' ruling in the second-tier petition for appeal to the Supreme Court of Virginia;

(6) failed to file a reply brief in the Supreme Court of Virginia;

(7) did not point out or correct other errors by the Court of Appeals in the second-tier appeal;

(8) failed to effectively argue the appeals where a reasonable probability existed that an adequate brief would have resulted in a successful appeal; and

(9) the combined effect of the foregoing errors deprived him of a fair appeal.

As noted above, respondent has filed a Rule 5 Answer and a Motion to Dismiss the petition, along with the notice required by Roseboro, 528 F.2d at 309, and petitioner has filed several replies. Accordingly, this matter is now ripe for disposition.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel,

7

526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See Duncan v. Henry, 513 U.S. 364 (1995). Here, petitioner's claims were all exhausted in the state habeas corpus proceeding.

### III. Procedural Bar

In its opinion dismissing Booker's state petition for a writ of habeas corpus, the Supreme Court of Virginia found as follows:

> In claims (b) (3), (c) (3), (c) (4), and portions of claims (b) (4) and (b) (5), petitioner contends he was denied the effective assistance of counsel because counsel failed to discuss with petitioner his probation violation, failed to show petitioner the major violation report or two addendums to the report, failed to investigate and effectively advocate against his revocation, and failed to move to conduct a separate revocation proceeding.
>
> The Court holds that claims (b) (3), (c) (3), (c) (4), and portions of claims (b) (4) and (b) (5), which challenge the legality of petitioner's confinement pursuant to the 2009 revocation orders, are untimely. Code § 8.01-654(A)(2); Booker v. Dir. of the Dep't of Corr., 284 Va. 6, 6, 727 S.E. 2d 650, 651 (2012) (limitations period for challenging revocation hearings in habeas corpus is one year after the circuit court enters the revocation order).

Booker v. Clarke, R. No. 140269 (Va. Feb. 9, 2015), slip op. at 2.

On federal habeas review, a state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v.

Georgia, 498 U.S. 411, 423-24 (1991). Here, the determination by the Supreme Court of

Virginia that petitioner's claims (b) (3), (c) (3), (c) (4), and portions of claims (b) (4) and (b) (5),

were defaulted pursuant to Virginia Code § 8.01-654(A) (2) constitutes an independent and

adequate state ground for denying relief. See O'Dell v. Netherland, 95 F.3d 1214, 1243 (4th Cir.

1996); see also Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006). Thus, those claims are

likewise procedurally defaulted from federal consideration.

In addition, claims (c) (5), (c) (6), (c) (8) and a portion of (c) (9) are procedurally

defaulted because the Supreme Court of Virginia on habeas review explicitly found that these

issues could have been raised at trial and on direct appeal and hence were not cognizable in a

petition for a writ of habeas corpus pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680

(1974), cert. denied, 419 U.S. 1108 (1975). Booker v. Clarke, R. No. 140269, slip op. at 10-11.

The Fourth Circuit Court of Appeals has consistently held that "the procedural default rule set

forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min

v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding

that Slayton barred review of portions of petitioner's claims (c) (5), (c) (6), (c) (8) and a portion

of (c) (9) also precludes federal review of their merits.

A claim which is procedurally defaulted nonetheless may be reviewed when a petitioner

can show cause for the default and prejudice stemming therefrom, or that a fundamental

miscarriage of justice otherwise will occur. Harris, 489 U.S. at 260. The existence of cause

ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor

external to the defense which impeded compliance with the state procedural rule, or (3) the

novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v.

Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court

need not consider the issue of prejudice in the absence of cause.  See Kornahrens v. Evatt, 66

F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his Objection to Answer to Complaint, petitioner appears to argue that the default of

claims (b) (3), (c) (3), (c) (4), and portions of claims (b) (4) and (b) (5) was caused by ineffective

assistance of counsel. Dkt. No. 24.  However, since no such claim of ineffective assistance has

been independently exhausted, it may not furnish cause to excuse the default. See Edwards v.

Carpenter, 529 U.S. 446, 451-53 (2000); Swisher v. True, 325 F.3d 225, 231 (4th Cir. 2003).

Accordingly, claims (b) (3), (c) (3), (c) (4), and portions of claims (b) (4) and (b) (5), as well as

claims (c) (5), (c) (6), (c) (8) and a portion of (c) (9),  are procedurally defaulted from

consideration on the merits.

### IV. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on the claim unless the state court's adjudication

is contrary to, or an unreasonable application of, clearly established federal law, or based on an

unreasonable determination of the facts.  28 U.S.C. § 2254(d).  Whether a state court decision is

"contrary to" or "an unreasonable application of" federal law requires an independent review of

each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court's

determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to

that reached by [the United States Supreme] Court on a question of law or if the state court

decides a case differently than [the United States Supreme] Court has on a set of materially

indistinguishable facts." Id. at 413.  Under the "unreasonable application" clause, the writ should

be granted if the federal court finds that the state court "identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the

facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## V. Analysis

**Claim A**: In his first, compound claim, petitioner argues that his counsel rendered ineffective assistance in connection with petitioner's entry of the guilty plea for several reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. at 58. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty

plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In this case, petitioner signed a guilty plea questionnaire on January 12, 2009.  On it, he indicated among other things that he was 31 years old, had gone to college for two years, understood the offenses with which he was charged, had discussed the case thoroughly with his attorney, had discussed his possible plea with his attorney and understood the various rights he would forego if he entered the plea, was satisfied with counsel's services, understood that his entry of a guilty plea would be an admission of the truth of the charges against him, and was pleading guilty because he knew in his heart that he was guilty of the offense and not because of any threats, promises or offers.  Crim. App. at 30-31.[4]

Later that day, petitioner appeared in open court and pleaded guilty to the negotiated charge of possession of heroin with intent to distribute, first offense.  Crim. App. at 14.  At the outset, the court engaged petitioner in a colloquy in which petitioner acknowledged that he understood the charges, had had enough time to discuss both the charges and any possible

---

[4]Consistent with the respondent's brief, the symbol "Crim. App." is used here to designate the appendix from petitioner's criminal appeal, R. No. 1730-11-1, to the Court of Appeals of Virginia.

defenses with his lawyer, had discussed with his lawyer whether he should plead guilty, and had

decided to do so freely and voluntarily. Crim. App. at 16. Petitioner examined the plea

agreement, acknowledged that he had signed it and understood it, and stated that he understood

each of the rights he would give up as the result of the plea. Crim. App. at 18-19. The following

exchange then occurred:

> THE COURT: Do you have any complaints you would like to make
> against anyone involved in the case?  That could be the Police
> Department, the Sheriff's Department, your lawyer, the prosecutor,
> including me as Judge.
>
> PETITIONER: No.
>
> THE COURT: Are you entirely satisfied with the services of your
> lawyer?
>
> PETITIONER: Yes.

Crim. App. at 20. Petitioner also acknowledged that the had signed and understood all the

questions on the guilty plea questionnaire. Id. After hearing petitioner's responses to the

questions posed, the court found that the plea was made knowingly, voluntarily, and intelligently;

was not the result of any theat, intimidation, or coercion; and was not made as the result of any

promise of leniency. Id. at 24.

Against this backdrop, it becomes apparent that none of petitioner's assertions that he

received ineffective assistance of counsel in connection with the guilty plea has merit, because all

of the circumstances to which he now points as instances of ineffective assistance occurred prior

to his declaration at the plea colloquy that he was entirely satisfied with counsel's services and

that he was entering the plea knowingly and voluntarily.  In claim (a) (1), petitioner asserts that

counsel rendered ineffective assistance by failing to properly investigate the case or to conduct

discovery to prepare an available defense before advising petitioner to plead guilty to an offense

he "really didn't do." Petitioner alleges that he told counsel he did not reside at 2320 Randolph Street, and that "proper discovery" would have revealed that "nothing connected petitioner to [that address] and the drugs allegedly recovered." Pet. at 5-6. In the state habeas corpus proceeding, the Supreme Court of Virginia rejected this argument on the following holding:

> ... Petitioner contends that had counsel conducted an adequate investigation, he would have discovered that petitioner did not live at 2320 Randolph Street, where the police found the heroin and the firearm, and petitioner did not tell the police otherwise, as the Commonwealth's evidence showed. Counsel would further have discovered the Commonwealth's evidence that the petitioner's DNA was found on the firearm was false, and the gun was owned by someone else.
>
> The Court rejects claim (a) (1) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate and that he was, in fact, guilty. Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981).

Booker v. Clarke, R. No. 140269, slip op. at 2-3. Because the foregoing result was both factually reasonable and in accord with applicable federal authority, Blackledge, 431 U.S. at 74, the same result is compelled here. Williams, 529 U.S. at 412-13.

In claim (a) (2), petitioner argues that counsel provided ineffective assistance by failing to discuss possible defenses with him and advised him to answer falsely during the plea colloquy. Pet. at 7-8. In claims (c) (1) and (c) (2), petitioner challenges the validity for the plea for the same reasons. The Supreme Court of Virginia rejected those contentions, as follows:

> In claims (a) (2), (c) (1) and (c) (2), petitioner contends he was denied the effective assistance of counsel because counsel failed to discuss possible defenses or the facts of his case with petitioner. Petitioner contends he thought the plea colloquy was a 'courtroom formality' and that counsel advised him to answer the trial court's questions falsely. Petitioner argues that as a result of counsel's failure, his plea was not voluntary.

14

> The Court rejects claims (a) (2), (c) (1) and (c) (2) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate, that counsel had discussed with petitioner the facts of his case and any possible defenses, and that his guilty plea was voluntary and there is no evidence identified by petitioner that would support the contrary conclusion that the plea was involuntary. Id.

Booker v. Clarke, R. No. 140269, slip op. at 3.  Because the Virginia court's foregoing determination was factually reasonable and in accord with applicable federal authority, Blackledge, 431 U.S. at 74, its result must be allowed to stand. Williams, 529 U.S. at 412-13.

In claim (a) (3), petitioner asserts that counsel rendered ineffective assistance by failing to discuss the Commonwealth's evidence with him. According to petitioner, the evidence discussed in connection with claim (a) (1) was exculpatory, favorable, and material, while the inculpatory evidence "only created a suspicion." Pet. at 8. Again, the Supreme Court of Virginia found no merit to this argument because "petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate." Booker v. Clarke, R. No. 140269, slip op. at 4.  Because that result was based on a reasonable interpretation of the facts and was in accord with Blackledge, 431 U.S. at 74, it cannot be disturbed here. Williams, 529 U.S. at 412-13.

In claim (a) (4), Booker argues that counsel's advice that he accept the plea agreement "was neither favorable nor reasonable" because "the plea provided no benefit to petitioner." Pet. at 8-9. The Supreme Court of Virginia found no merit to that contention:

> In claim (a) (4), petitioner contends he was denied the effective assistance of counsel because counsel advised him to accept a plea agreement that was not in petitioner's best interest. Petitioner contends the Commonwealth did not have sufficient evidence to support the charges it agreed to dismiss, and thus petitioner gained no benefit by pleading guilty.

> The Court rejects claim (a) (4) because petitioner failed to offer a
> valid reason why he should not be bound by his representation at trial
> that his counsel's performance was adequate and that he was pleading
> guilty because he was guilty.

Booker v. Clarke, R. No. 140269, slip op. at 4.  Particularly in light of the sentencing exposure

petitioner faced had he been convicted following a trial, see Booker v. Comm., supra, slip op. at

1-2, the Virginia court's conclusion was factually reasonable,  and it comported with applicable

federal principles.  Blackledge, 431 U.S. at 74.  Therefore, its decision warrants no federal relief.

Williams, 529 U.S. at 412-13.

In claim (a) (5), petitioner asserts that counsel failed to move to suppress buccal swabs

taken from petitioner. According to petitioner, counsel should have realized that the swabbing

violated both Virginia law and petitioner's rights under the Fourth Amendment.  Pet. at 10.   The

Supreme Court of Virginia rejected this argument:

> In claim (a) (5), petitioner contends he was denied the effective
> assistance of counsel because counsel failed to move to suppress
> petitioner's buccal swabs.  Petitioner contends the police deceived
> him by failing to tell him they would use the swabs to connect him to
> the firearms offenses. Petitioner further contends that as a convicted
> felon, his DNA was already in the DNA data bank and thus any
> further DNA samples should not have been permitted.
>
> The Court rejects claim (a) (5) because petitioner failed to offer a
> valid reason why he should not be bound by his representation at trial
> that his counsel's performance was adequate.

Booker v. Clarke, R. No. 140269, slip op. 4.  Because the foregoing result was both factually

reasonable and in accord with applicable federal authority, Blackledge, 431 U.S. at 74, the same

result is compelled here.  Williams, 529 U.S. at 412-13.

In claim (a) (6), petitioner argues that his attorney had a conflict of interest and hence

rendered ineffective assistance by failing to honor petitioner's stated wish to reject the plea offer

and by telling petitiner that doing so would adversely affect counsel's own reputation. Pet. at 11. In claim (c) (7), he contends that this caused counsel to exert undue influence and duress to make him accept the plea agreement. The Supreme Court of Virginia found no merit to either contention:

> In claims (a) (6) and (c) (7), petitioner contends he was denied the effective assistance of counsel because counsel labored under a conflict of interest. Petitioner contends he wanted to plead not guilty and proceed to a jury trial, but counsel was concerned that if petitioner was found guilty and sentenced to life imprisonment it would negatively affect counsel's reputation. As a result, petitioner felt pressured to plead guilty and like he had no advocate.

> The Court rejects claims (a) (6) and (c) (7) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate and that his guilty plea was voluntary and there is no evidence identified by petitioner that would support the contrary conclusion that the plea was involuntary.

Booker v. Clarke, R. No. 140269, slip op. at 5. Because the foregoing result was both factually reasonable and in accord with applicable federal authority, Blackledge, 431 U.S. at 74, the same result is compelled here. Williams, 529 U.S. at 412-13.

In claim (a) (7), petitioner faults counsel for failing to advise him that pleading guilty might result in the revocation of his probation. Petitioner claims that, had he known, he would not have pled guilty. The Supreme Court of Virginia denied relief on this argument for the following reasons:

> The Court rejects claim (a) (7). The record, including the trial and sentencing transcripts, the probation violation report, the December 3, 2008 addendum to the violation report, and the affidavit of counsel demonstrates that at the time of his guilty plea petitioner was aware his probation was subject to revocation. Petitioner failed to offer any other valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate.

17

Booker v. Clarke, R. No. 140269, slip op. at 5.[5] Because the foregoing result was both factually

reasonable and in accord with applicable federal authority, Blackledge, 431 U.S. at 74, the

foregoing result may not be disturbed. Williams, 529 U.S. at 412-13.

In claim (a) (8), petitioner asserts that counsel provided ineffective assistance by failing to

file a motion to suppress the statement petitioner gave to the police. He claims that he was

unlawfully seized at the scene of the shooting and that the police questioned him and recorded

the interview without providing him with the appropriate Miranda warning. Pet. at 12-13. As

with petitioner's other claims of ineffective assistance, the Supreme Court of Virginia rejected

this argument "because petitioner failed to offer a valid reason why he should not be bound by

his representation at trial that his counsel's performance was adequate." Booker v. Clarke, R.

No. 140269, slip op. at 6. Because that holding was factually reasonable and in accord with

applicable federal authority, Blackledge, 431 U.S. at 74, it must be allowed to stand. Williams,

529 U.S. at 412-13.

In claim (a) (9), petitioner faults counsel for failing to investigate and present what he

terms an "alibi defense." Pet. at 14. The Supreme Court of Virginia found no merit to this

argument for the following reasons:

> In claim (a) (9), petitioner contends he was denied the effective
> assistance of counsel because counsel failed to investigate petitioner's
> 'alibi defense.' Petitioner contends he was in Chesapeake at the time
> of the shooting which resulted in the police finding heroin in
> petitioner's room. Petitioner further alleges there were several people
> in the residence at the time of the shooting and that some of them

---

[5]The affidavit of defense counsel Michael Massie, Esq., is Exhibit 1 to the Commonwealth's brief
in support of its Motion to Dismiss. (Dkt. No. 14) In pertinent part, counsel attested, "Defendant
and I discussed that he was on probation which became clear when the violation was added to our
sentencing date for the drug offense. The defendant fully knew and was fully aware of the
consequences of pleading to a new Felony offense, and plead [sic] guilty having this full
knowledge."

> began 'running and throwing drugs' when the shooting occurred.

> The Court rejects claims (a) (9) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate and that he was pleading guilty because he was guilty.

Booker v. Clarke, R. No. 140269, slip op. at 6. Because the foregoing result was both factually reasonable[6] and in accord with applicable federal authority, Blackledge, 431 U.S. at 74, the same result is compelled here. Williams, 529 U.S. at 412-13.

In claim (a) (10), petitioner contends that his lawyer provided ineffective assistance by failing to argue that because petitioner was eliminated as a suspect in the homicide, the Commonwealth lacked "standing" to prosecute him for possession of the drugs and the firearm found in the home where the shooting occurred. Pet. at 14. The Supreme Court of Virginia determined that this claim had no merit "because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate." Booker v. Clarke, R. No. 140269, slip op. at 6. Since petitioner's theory that his non-involvement in the homicide somehow insulated him from the drug offense to which he pleaded guilty is patently mistaken, the Virginia court's rejection of this claim was both factually reasonable and in accord with Blackledge, 431 U.S. at 74, and the claim thus must likewise be denied here. Williams, 529 U.S. at 412-13.

In claim (a) (11), as well as in claims (b) (7), (d) (8), (d) (9), and a portion of claim (c)

---

[6]The Commonwealth's recitation at the plea colloquy of the factual basis for the charges against petitioner included no statement that he was present in the house when the drugs were found. Moreover, the drawer where the heroin was found also contained several items that belonged to petitioner and indicated his constructive possession of the drugs, and he admitted during his police interview that he was staying at the house. T. 1/12/09 at 11. Thus, petitioner's current assertion that he was in Portsmouth when the house was searched, even if true, would have provided no "alibi" to the charges he faced.

(9), petitioner argues the cumulative effect of his counsel's asserted errors deprived him of effective representation. Pet. at 14-15. The Supreme Court of Virginia rejected these claims for the following reasons:

> The Court holds that claims (a) (11), (b) (7), (d) (8), (d) (9), and this portion of claim (c) (9) are without merit. As addressed previously, petitioner has failed to demonstrate prejudice as a result of counsel's alleged errors. 'Having rejected each of petitioner's individual claims, there is no support for the proposition that such actions when considered collectively have deprived petitioner of his constitutional right to effective assistance of counsel." Lenz v. Warden of the Sussex I State Prison, 267 Va. 318, 340, 593 S.E. 2d 292, 305, cert. denied, 542 U.S. 953 (2004).

Booker v. Clarke, R. No. 140269, slip op. at 14.

It is well settled under federal law that the cumulative effect of non-errors does not amount to error. See Fisher v. Angelone, 163 F.2d 835, 852 (4th Cir. 1998) (noting that, where it is determined that none of counsel's actions amounted to constitutional error, "it would be odd, to say the least, to conclude that those same actions, when considered collectively," deprived defendant of a fair trial); Mueller v. Angelone, 181 F.3d 557, 586 n. 22 (4th Cir. 1999) (same). Here, then, where none of counsel's challenged actions standing alone amounted to ineffective assistance, the Supreme Court of Virginia's determination that their aggregate effect likewise did not amount to constitutional error was squarely in line with that authority. Accordingly, its decision is entitled to deference here. Williams, 529 U.S. at 412–13, and Claim 1 of this petition as a whole warrants no relief.

**Claim B**: In Claim B, petitioner challenges the performance of his counsel at a probation revocation hearing, which occurred on May 5, 2009 in conjunction with his sentencing for the

offense to which he pleaded guilty.[7] At the outset of the hearing, as described in the Court of Appeals' opinion, Booker v. Commonwealth, supra, defense counsel announced that Booker had asked to be allowed to withdraw his guilty plea to the underlying offense. Booker addressed the Court as described, id., slip op. at 2-3, T. 5/5/2009 at 3-4; defense counsel confirmed that he had advised Booker to accept the plea because there was a "real possibility" based on the evidence that Booker would be found guilty at a trial, id. at 4-5, and pointed out that under the terms of the plea agreement the charge would be reduced from possession of heroin with intent to distribute, third offense, to possession with intent to distribute, first offense, and two additional charges would be dismissed, id. at 5; and the Commonwealth's Attorney argued that "you can't withdraw your guilty plea just because you change your mind" and asked the Court to deny the motion. Id. at 6. The Court reiterated the questions asked and answers provided at the plea colloquy, and Booker essentially acknowledged his recollection of making the responses the Court indicated. Id. at 6-9. The Court then denied the motion to withdraw the plea. Id. at 9.

In his closing argument prior to the imposition of the sentences, the Commonwealth's Attorney reminded the Court that this was Booker's "fifth PWID conviction, on probation for selling drugs, on appeal for selling drugs twice, and sold drugs again." Id. at 49. In addition, as to the negotiated plea, there was "absolutely no agreement in this case other than a reduction in sentence and everything in that [presentence report] is fair game." Id. at 48. Prior to imposing sentence, the Court observed:

> When Mr. Booker first came before me, I remember it well, because very, very seldom, very seldom, a defendant comes before this Court being fortunate enough to have a real strong family and being very bright and intelligent. ... The most recent conviction that he's before

---

[7]Booker was on probation for convictions of possession with intent to distribute cocaine, third offense, and possession with intent to distribute heroin, third offense. T. 5/5/09 at 17.

> me now, there is no doubt in anybody's mind this man, if this case had been put on, more than likely would have been found guilty of PWID, possession with intent to distribute, a third or subsequent offense ...
>
> * * *
>
> I just can't understand it. This man is back before me. He's back in the system. His mother is back here crying. Every time he gets in trouble she shows up. Why he's back in the system, it is not because he's out there driving on a suspended license or doing this and doing that. He goes back to the same thing, possession with intent to distribute. ... There's nothing mentally wrong with this man, nothing physically wrong with him, and I very seldom exceed the guidelines, but I can't think of any reason with this young man here today, with his record, why I should not exceed these guidelines.

T. 5/5/009 at 56 - 58.

In claims (b) (1), (b) (2) and a portion of (b) (4), petitioner contends that he was denied effective assistance because counsel failed to file a written motion to withdraw the guilty plea and failed to assist petitioner when petitioner made his verbal motion to withdraw the plea. Petitioner further contends that counsel did not understand the applicable law and should have argued that the court should not consider petitioner's guilt or innocence or his statements during the plea colloquy. On state habeas review, the Supreme Court of Virginia found no merit to these assertions, as follow:

> The Court holds that claims (b) (1), (b) (2), and this portion of claim (b) (4) fail to satisfy the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). When a motion to withdraw is made prior to sentencing, the motion should be granted if the defendant did not understand the nature of the charge, misunderstood the effect of the plea, was induced by 'fear, fraud or official misrepresentation,' or 'even if the guilty plea was merely entered 'inadvisedly' when the evidence supporting the motion shows that there is a reasonable defense to be presented to the judge or jury trying the case.' Justus v. Commonwealth, 274 Va. 143, 153-54, 645 S.E.2d 284, 288 (2007). The defense must be 'reasonable' not a 'merely dilatory or formal defense.' Id. at 153, 645 S.E.2d at 288.

22

> The record, including the trial and sentencing transcripts, demonstrates that at petitioner's plea hearing, the Commonwealth proffered evidence that police had been investigating a shooting at 2320 Randolph Street, had received permission from the lease holder, Natasha Reid, to search the residence, and had discovered heroin drug paraphernalia, a firearm, and $5,000 in case in Reid's bedroom. In the drawer where the heroin was found, the police found several personal documents belonging to petitioner. Petitioner's DNA was found on the firearm and petitoner admitted he was staying at the residence with Reid.
>
> Petitioner sought to withdraw his plea because he was 'under a lot of duress and advisement that it would be in [his] best interest to plead guilty' and there was only 'circumstantial evidence that was against' him, because he was 'not at the scene of the crime.' Petitioner did not present any reasonable defense, or one that was not a 'merely dilatory or formal defense,' see id., and he does not now articulate any grounds upon which counsel could have argues petitioner did not understand that nature of the charge, misunderstood the effect of the plea, or was induced by 'fear, fraud or official misrepresentation' to enter the plea. Id. at 153-54, 645 S.E. 2d at 288. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Booker v. Clarke, R. No. 140269, slip op. at 7-8. Because the foregoing determination was both factually reasonable and in accord with applicable federal authorities, Strickland, 466 U.S. at 668, it may not be disturbed here. Williams, 529 U.S. at 412–13.

In claim (b) (5), Booker contends that counsel rendered ineffective assistance by wrongfully merging the sentencing and revocation cases into a single hearing. He argues that he suffered prejudice because evidence of his probation violation had a negative effect on his sentence for possession of heroin with intent to distribute. The Supreme Court of Virginia denied this claim on the following holding:

> The Court holds that this portion of claim (b) (5) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner's criminal history, including that petitioner was under a suspended sentence at the time he committed

> the offense, was relevant to the trial court's imposition of the appropriate sentence, see Code § 19.2-299, and petitioner fails to articulate any grounds upon which counsel could have objected to the combined hearing. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Booker v. Clarke, R. No. 140269, slip op. at 9. This holding by the Supreme Court of Virginia was factually reasonable, particularly in light of the judge's comments about his personal recollection of the several times petitioner had appeared before him on charges of possession with intent to distribute. Clearly, the trial court had independent knowledge and awareness of petitioner's criminal history, and the merging of the revocation and sentencing proceedings accordingly could not have prejudiced petitioner. Because the conclusion that ineffective assistance had not been demonstrated also was in accord with Strickland, 466 U.S. at 668, that same result must pertain here. Williams, 529 U.S. at 412–13.

In claim (b) (6), petitioner asserts that counsel provided ineffective assistance by failing to object when the trial court unfairly punished petitioner for withdrawing his guilty plea and to argue that petitioner should not have been punished for asserting his statutory right. The Supreme Court of Virginia rejected this contention on the following holding:

> The Court holds that claim (b) (6) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the sentencing transcript, demonstrates that prior to sentencing petitioner, the trial court engaged in an extensive recitation of the history of petitioner's criminal proceedings in the circuit court, including petitioner's motions in each of his cases, the last of which was his motion to withdraw the plea. Counsel could reasonably have determined nothing in this recitation indicated any hostility on the part of the trial court due to petitioner's motion to withdraw his sentence, and that any objection would have been meritless. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding

24

would have been different.

Booker v. Clarke, R. No. 140269, slip op. at 9-10.  Because the foregoing determination was reasonable based upon the record facts and was an appropriate application of Strickland, 466 U.S. at 668,  it must be allowed to stand.  Williams, 529 U.S. at 412–13.

**Claim C:** In claim C, petitioner challenges the validity of his guilty plea.  It is well settled that entry of a guilty plea must be an informed and intelligent decision.  Boykin v. Alabama, 395 U.S. 238, 242 (1969).  A guilty plea is valid so long as the defendant knowingly and voluntarily waives his Fifth Amendment privilege against self-incrimination, his right to a trial by jury, and his right to confront his accusers, and understands the nature of the charges against him. Bradshaw, 545 U.S. at 175.  To establish that a guilty plea did not meet that standard, a defendant bears the burden of demonstrating that "his mental faculties were so impaired ...when he pleaded that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights and of realizing the consequences of his plea." Shaw v. Martin, 733 F.2d 304, 314 (4th Cir. 1984). On the other hand, a guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Beck v. Angelone, 261 F.3d 377, 394 (4th Cir. 2001).

As discussed above in conjunction with claim (a) (2), claims (c) (1) and (c) (2) are without merit.  Petitioner's current assertions that counsel failed to investigate an available defense, did not discuss defenses with him, and advised him to answer falsely during the colloquy are foreclosed by petitioner's written and oral representations made in connection with his entry of his plea to a reduced charge that he believed his counsel's performance was adequate, that counsel had discussed with him the facts of the case and any possible defenses, and that he was entering the plea freely and voluntarily.  Accordingly, petitioner has failed to meet his

burden to demonstrate that the plea was not knowing and voluntary. Shaw, 733 F.2d at 314.

Claim (c) (7) was discussed in conjunction with claim (a) (6), supra, the remaining subclaims of

Claim C are procedurally defaulted from consideration on the merits for the reasons discussed

above, and petitioner has failed to show cause and prejudice to overcome the defaults.

Therefore, Claim C as a whole warrants no federal relief..

     **Claim D:**   In his fourth, compound claim, petitioner argues that he received ineffective

assistance of counsel on direct appeal for several reasons.   As the Supreme Court of Virginia

recognized, the Strickland analysis applies to claims of ineffective assistance on appeal as well as

at trial. See Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987).

     In claim (d) (1), petitioner argues that appellate counsel failed to assign error correctly.

The Supreme Court of Virginia found this position to be without merit for the following reasons:

> In claim (d) (1), petitioner contends he was denied the effective assistance of counsel on appeal because counsel failed to include an adequate assignment of error in his petition for appeal in the Court of Appeals.  Petitioner contends the assignment of error failed to state that the trial court abused its discretion in denying the motion to withdraw the plea.  Petitioner appears to contend that because of counsel's failure the Court of Appeals did not apply the correct standard.

> The Court holds that claim (d) (1) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the petition for appeal filed in the Court of Appeals and the unpublished opinion denying the petition demonstrates counsel argued that the trial court abused its discretion in denying the motion and the Court of Appeals evaluated the denial of the motion under an abuse of discretion standard.  Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Booker v. Clarke, R. No. 140269, slip op. at 11-12. Because the foregoing determination was

factually reasonable and in accord with controlling federal authority, Strickland, supra, the same

result must be reached here.

In claim (d) (2), Booker asserts that appellate counsel rendered ineffective assistance by failing to present a sound argument to support Booker's reasonable defense that he was not present when the drugs were discovered. Similarly, in claim (d) (3), he charges that appellate counsel did not put forth a sound argument on duress and failed to argue that Booker moved to withdraw the plea in good faith. The Supreme Court of Virginia disagreed for the following reasons:

> In claim (d) (2), petitioner contends he was denied the effective assistance of counsel on appeal because counsel failed to argue that petitioner had a reasonable defense because he was not present at the scene when the police found the heroin. In claim (d) (3), petitioner contends he was denied the effective assistance of counsel on appeal because counsel failed to argue that he entered his plea under duress.
>
> The Court holds that claims (d) (2) and (d) (3) satisfy neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for cousnel's alleged errors, the result of the proceeding would have been different.

Booker v. Clarke, R. No. 140269, slip op. at 12. The foregoing holding was squarely in accord with federal law, which recognizes that because "appellate counsel is given wide latitude to develop a strategy," Lovitt v. Angelone, 208 F.3d 172, 189 (2000), he or she is not required to assert every conceivable claim on appeal, and counsel's choice of which appellate issues to pursue is virtually unassailable. Jones, 463 U.S. at 751-52. Accordingly, no federal relief is warranted on claims (d) (2) and (d) (3). Williams, 529 U.S. at 412–13.

In claim (d) (4), petitioner argues that appellate counsel provided ineffective assistance by

failing to file a reply to new contentions the Commonwealth raised in its answer brief to the

Court of Appeals. On habeas review, the Supreme Court of Virginia rejected that argument, as

follows:

> In claim (d) (4), petitioner contends he was denied the effective assistance of counsel in his appeal to the Court of Appeals. Petitioner contends counsel should have filed a reply brief arguing that court should not consider the firearms offenses or evidence that petitioner's DNA had been found on the firearm in evaluating whether the trial court abused its discretion in denying his motion to withdraw his pleas.
>
> The Court holds that claim (d) (4) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones, 463 U.S. at 751-52. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Booker v. Clarke, R. No. 140269, slip op. at 12-13. As with claims (d) (2) and (d) (3), the

foregoing holding was factually reasonable and in accord with controlling federal principles, so

that result must be allowed to stand. Williams, 529 U.S. at 412–13.

In claim (d) (5), Booker asserts that appellate counsel performed ineffectively by failing

to challenge the Courts of Appeals' ruling in the second-tier appeal to the Supreme Court of

Virginia. In claim (d) (7), he argues that appellate counsel did not point out or correct other

errors by the Court of Appeals in the second-tier appeal. On habeas review, the Virginia

Supreme Court determined both contentions to be without merit:

> In claim (d) (5), petitioner contends he was denied the effective assistance of counsel in his appeal to this Court because counsel failed to argue the Court of Appeals applied an incorrect standard in evaluating petitioner's claims that the trial court erred in denying his motion to withdraw his plea. In claim (d) (7), petitioner contends he was denied the effective assistance of counsel in his appeal to this

> Court because counsel failed to argue the Court of Appeals erred in
> considering facts not pertinent to petitiotner's motion to withdraw his
> plea, that a reasonable jury could have found petitiotner not guilty and
> that he therefore had a reasonable defense, and that the Court of
> Appeals erred in stating petitiotner faced a mandatory ten-year
> sentence for possession of heroin with intent to distribute, third or
> subsequent offense, when he only faced a five-year minimum
> mandatory.
>
> The Court holds that claims (d) (5) and (d) (7) satisfy neither the
> 'performance' nor the 'prejudice' prong of the two-part test
> enunciated in Strickland. The selection of issues to address on appeal
> is left to the discretion of appellate counsel, and counsel need not
> address every possible issue on appeal. Jones, 463 U.S. at 751-52.
> Thus, petitioner has failed to demonstrate that counsel's performance
> was deficient or that there is a reasonable probability that, but for
> counsel's alleged errors, the result of the proceeding would have been
> different.

Booker v. Clarke, R. No. 140269, slip op. at 12-13. As with Booker's earlier challenges to his

appellate representation, this claim fails because the Supreme Court of Virginia's holding reflects

a reasonable interpretation of the facts and an appropriate application of controlling federal

principles. Thus, that outcome must be allowed to stand. Williams, 529 U.S. at 412–13.

In claim (d) (6), Booker charges appellate counsel with providing ineffective assistance

by failing to file a reply brief to the Commonwealth's brief in the Supreme Court of Virginia.

On habeas review, the latter court found as follows:

> In claim (d) (6), petitioner contends he was denied the effective
> assistance of counsel because counsel failed to file a reply brief in this
> Court.
>
> The Court holds that claim (d) (6) satisfies neither the 'performance'
> nor the 'prejudice' prong of the two-part test enunciated in Strickland.
> Petitioner fails to proffer any argument that counsel could have made
> in the reply brief or to articulate how the failure to file a reply was
> detrimental to his case. Thus, Petitioner has failed to demonstrate
> that counsel's performance was deficient or that there is a reasonable
> probability that, but for counsel's alleged errors, the result of the

29

proceeding would have been different.

Booker v. Clarke, R. No. 140269, slip op. at 14.

The foregoing holding was plainly reasonable.  As the Virginia court noted, petitioner entirely failed to proffer any argument that appellate counsel could or should have made in a reply brief, nor does he include any meaningful explanation of how the absence of such a brief changed the outcome of the appeal.  Thus, the denial of relief on this claim was in accord with Strickland, supra, and the same outcome is required here. Williams, 529 U.S. at 412–13.

### VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice.  An appropriate Order and judgment shall issue.  Petitioner's Renewed Motion for Evidentiary Hearing will be denied, as moot.

Entered this _____ day of _____ 2016.


Alexandria, Virginia

                                            _____/s/_____
                                            James C. Cacheris
                                            United States District Judge

30